Lin v. Holder

BIA
A077 002 686

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of August, two thousand twelve.

PRESENT:
>           GUIDO CALABRESI,
>           GERARD E. LYNCH,
>           RAYMOND J. LOHIER, JR.,
>                 *Circuit Judges.*

_____

YANG LIN LIN, AKA YAN LING LIN,
>           *Petitioner,*

>           v.                                    12-2
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Jennifer P.
                         Levings, Senior Litigation Counsel;
                         Jennifer R. Khouri, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yang Lin Lin, a native and citizen of the People's Republic of China, seeks review of a December 19, 2011, decision of the BIA denying her motion to reopen. *In re Yang Lin Lin*, No. A077 002 686 (B.I.A. Dec. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Lin's motion was indisputably untimely because it was filed more than eight years after the agency's final order of removal, there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available

2

and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in finding that Lin failed to establish such circumstances based on her newly commenced practice of Falun Gong in the United States. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions).

Moreover, the BIA reasonably concluded that Lin failed to establish a material change in country conditions as required to except her motion from the time limitation, as the record evidence reflected merely a continuation of conditions that existed prior to Lin's 2000 merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Indeed, the BIA reasonably found that the country conditions evidence shows not that conditions for Falun Gong

3

practitioners in China have worsened, but that the harassment has been continuous since 1999. Furthermore, although Lin argues that recent uprisings in the Middle East have made the Chinese government more concerned with pro-democracy movements in China, she did not present any evidence to support this claim. *See* 8 U.S.C. § 1229a(c)(7)(B) (indicating that the movant bears the burden of supporting her motion with relevant evidence).

The BIA also did not abuse its discretion in denying Lin's motion to reopen for failure to establish her *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (noting that in order to establish *prima facie* eligibility for relief in a motion to reopen, petitioner must show a "'realistic chance'" of obtaining relief by "demonstrating that the proffered new evidence would likely alter the result in her case" (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005))). Given Lin's generalized assertions that she would be punished or imprisoned, the BIA did not err in finding that her fear of future persecution was speculative. *See Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam); *Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010). In doing so, the BIA was not required to credit

Lin's statement, her mother's letter, or the village committee notice, particularly given their lack of authentication and the underlying adverse credibility determination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Lin's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk